UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL FAIR HOUSING
ALLIANCE, INC., KIMBERLY
HOBSON-HOLLOWELL and DARRICK
HOLLOWELL,

CIVIL CASE NO. 07-10385

HONORABLE PAUL V. GADOLA
U.S. DISTRICT JUDGE

Plaintiffs,

v.

TOWN & COUNTRY- STERLING
HEIGHTS, INC d/b/a CENTURY 21
TOWN & COUNTRY; CENTURY 21
REAL ESTATE LLC; and EDWARD A.
DALLAS,

Defendants.
_____/

## ORDER DISMISSING STATE LAW CLAIMS

On January 24, 2007, Plaintiffs filed a complaint asserting three claims under federal law, allegedly arising out of "racial steering" that occurred when the Hollowells were seeking to purchase a home. Count I asserts a violation of the Fair Housing Act, in particular 42 U.S.C. §§ 3604(a)-c, 3605; Count II asserts a violation of 42 U.S.C. § 1981; and Count III asserts a violation of 42 U.S.C. § 1982.

On February 26, 2007, Defendants Town & Country-Sterling Heights ("TCSH") and Edward A. Dallas filed an answer to the complaint. On that same date, Defendant TCSH also filed two counter-claims. *See* docket entries #9, 10. The first counter-claim was filed against Plaintiff National Fair Housing Alliance ("NFHA"). *See* docket entry #9. That counter-claim sets forth four claims for relief against NFHA: Count I alleges a violation of 42 U.S.C. § 1983, Count II alleges an abuse of process in the prosecution of a Michigan Department of Civil Rights charge, Count III

alleges defamation, and Count IV alleges tortious interference with a business relationship. Accordingly, Count I of this counter-claim alleges a violation of federal law, Counts II-IV allege violations of state law.

The second counter-claim filed by Defendant TCSH was filed against Kimberly Hobson-Hollowell and Darrick Hollowell. *See* docket entry #10. That counter-claim sets forth two claims for relief against the Hollowells: Count I alleges defamation and Count II alleges a tortious interference with business relationships. Accordingly, Counts I and II allege only state law claims. Both counter-claims assert that jurisdiction of the state law claims is proper under 28 U.S.C. § 1367. No other basis for jurisdiction is asserted by Defendants for the state law claims.

On June 7, 2007, after setting forth the relevant standard governing the Court's jurisdiction over supplemental state law claims, the Court ordered Defendant TCSH to show cause within twenty-one days, setting "forth with specificity the basis of this Court's jurisdiction over all of the state law counter-claims" in order to demonstrate why the counter-claims should not be dismissed. Defendant TCSH filed a response to the order on June 26, 2007. The response did not substantively respond to the requirements of the order but instead merely stated, "In response to the Court's order [to show cause], TCSH states that it is willing to stipulate to a dismissal, without prejudice, of its state law counterclaims and shall pursue them in the appropriate circuit court in the State of Michigan." *See* docket entry #49, p. 2.

On August 1, 2007, Plaintiffs filed a motion for leave to file a response to Defendants' response to the order to show cause. The Court granted leave and the Plaintiffs' response was filed on August 10, 2007. Defendant TCSH subsequently filed for leave to file a reply to Plaintiffs' response. Leave was granted and the reply was filed on August 30, 2007.

Plaintiffs object to any dismissal of the state court claims for several reasons. First, Plaintiffs argue that "This Court Has Original Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1332." *See* docket entry #63, p. 3. Second, Plaintiffs argue that although the Court generally has discretion to decline supplemental jurisdiction under 28 U.S.C. § 1367(c), in the present case, the discretionary factors are not present. Third, Plaintiffs assert that Defendant TCSH has waived any argument that the Court should decline to exercise supplemental jurisdiction because it chose to file the claims in federal court and because it failed to substantively respond to the Court's order to show cause.

In the present case, after carefully considering all the arguments and the relevant case law, the Court will decline to exercise supplemental jurisdiction over the state law claims.

Under the standard enunciated in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) and codified in 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction. Even where "the [Court] arguably ha[s] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), the [C]ourt has discretion to decline to exercise its supplemental jurisdiction." *Cirasuola v. Westrin*, No. 96-1360, 1997 WL 472176, at *1 (6th Cir. Apr. 18, 1997), *aff'g*, 915 F. Supp. 909 (E.D. Mich. 1996) (Gadola, J.).

As the Supreme Court of the United States held in *City of Chicago v. International College of Surgeons*:

> [T]o say that the terms of § 1367(a) authorize the district courts to exercise supplemental jurisdiction over state law claims . . . does not mean that the jurisdiction *must* be exercised in all cases. Our decisions have established that pendent jurisdiction "is a doctrine of discretion, not of plaintiff's right," [*Gibbs*, 383 U.S. at 726], and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons, [*id.* at 726-27]. *See also* [*Carnegie-Mellon Univ. v.*] *Cohill*, 484 U.S. 343, 350 (1988) ("As articulated by Gibbs, the doctrine

3

> of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values"). Accordingly, we have indicated that "district courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Id.* at 357.
>
> The supplemental jurisdiction statute codifies these principles. After establishing that supplemental jurisdiction encompasses "other claims" in the same case or controversy as a claim within the district courts' original jurisdiction, § 1367(a), the statute confirms the discretionary nature of supplemental jurisdiction. . . .
>
> Depending on a host of factors, then--including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims--district courts may decline to exercise jurisdiction over supplemental state law claims. The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Cohill*, [484 U.S. at 350].

522 U.S. 156, 172-73 (1997). *See also San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478-79 (9th Cir. 1998); *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995); *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995); *Diven v. Amalgamated Transit Union Int'l & Local 689*, 38 F.3d 598, 601 (D.C. Cir. 1994); *Brazinski v. Amoco Petrol. Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993). *But cf. Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 447-48 (2d Cir. 1998).

In exercising its discretion, therefore, this Court must look to considerations of judicial economy, convenience, fairness, and comity, and also avoid needless decisions of state law. *See Int'l Coll. of Surgeons*, 522 U.S. at 173; *Cohill*, 484 U.S. at 350; *Gibbs*, 383 U.S. at 726; *see also* C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3567.1 (2d ed. 1984).

Litigation in the federal courts involving both federal law claims and supplemental state law claims has caused procedural and substantive problems. Even if the federal and state claims in this

action arise out of the same factual situation, litigating these claims together may not serve judicial economy or trial convenience. Federal and state law each have a different focus, and the two bodies of law have evolved at different times and in different legislative and judicial systems. Because of this, in almost every case with supplemental state claims, the courts and counsel are unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding.

The attempt to reconcile these two distinct bodies of law often dominates and prolongs pre-trial practice, complicates the trial, lengthens the jury instructions, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees. Consequently, in many cases the apparent judicial economy and convenience of the parties' interest in the entertainment of supplemental state claims may be offset by the problems they create.

Such is the case here. The Court finds that the state law claims would substantially expand the scope of this case beyond that necessary and relevant to the federal law claims. *See* 28 U.S.C. § 1367(c)(2); *Gaines v. Blue Cross Blue Shield of Mich.*, 261 F. Supp. 2d 900, 906 (E.D. Mich. 2003) (Gadola, J.); *Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc.*, 186 F. Supp. 2d 787, 790-91 (E.D. Mich. 2002) (Gadola, J.); *see also Rugambwa v. Betten Motor Sales, Inc.*, 200 F.R.D. 358, 368 (W.D. Mich. 2001); *Eddins v. Excelsior Indep. Sch. Dist.*, 88 F. Supp. 2d 690, 695 (E.D. Tex. 2000); *Caraballo v. S. Stevedoring, Inc.*, 932 F. Supp. 1462, 1465 (S.D. Fla. 1996); *James v. Sun Glass Hut, Inc.*, 799 F. Supp. 1083, 1084-85 (D. Colo. 1992). Moreover, the Court finds that judicial economy, convenience, fairness, and comity counsel against exercising supplemental jurisdiction in this case. *See Int'l Coll. of Surgeons*, 522 U.S. at 173; *Cohill*, 484 U.S. at 350; *Gibbs*, 383 U.S. at 726. Therefore, the Court declines to exercise supplemental jurisdiction over the state

5

law claims.

In so declining to exercise supplemental jurisdiction, the Court rejects Plaintiffs' arguments. First, Plaintiffs' argument that diversity jurisdiction exists is wrong. Each and every defendant must be diverse from each and every plaintiff. *See* 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267-68 (1806); *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). In the present case Defendant TCSH is a Michigan corporation and Plaintiffs Kimberley and Darrick Hollowell are Michigan residents. Clearly then, diversity jurisdiction does not exist. Furthermore, because there has been no allegation as to the damages sought, there has been no demonstration that the $75,000 jurisdictional threshold of 28 U.S.C. § 1332 has been met. Second, Defendants assertion that the discretionary factors of 28 U.S.C. § 1367(c) are not present is, for the reasons stated above, incorrect. Third, the Court need not consider whether Defendant TCSH has waived any argument that the Court should decline to exercise supplemental jurisdiction. The decision to dismiss the state law claims is not dependent on Defendant's assertion or waiver of jurisdictional arguments but instead arises out of the Court's own independent obligation and statutory authority. *See Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). (This Court has "an independent obligation to investigate and police the boundaries of [its] own jurisdiction."). Accordingly, the Court has considered the relevant statutory basis for jurisdiction, *see* 28 U.S.C. § 1367, and has decided that exercising supplemental jurisdiction is not appropriate in the instant matter.

For all of the foregoing reasons:

**IT IS HEREBY ORDERED** that Defendant/Counter-Plaintiff Town & Country-Sterling Heights' state law claims (Counts II-IV asserted against Plaintiff/Counter-Defendant National Fair

Housing Alliance and Counts I-II against the Hollowells) are **DISMISSED WITHOUT PREJUDICE**.

Defendant/Counter-Plaintiff is hereby directed to Michigan Compiled Laws § 600.5856 regarding the tolling of the state statute of limitations. *See Meads v. Am. Fed'n of State, County & Mun. Employees*, No. 186658, 1997 WL 33353362, at *3 (Mich. Ct. App. Feb. 28, 1997) (citing *Ralph Shrader, Inc. v. Ecclestone Chem. Co.*, 22 Mich. App. 213, 215 (1970)); *Lee v. Grand Rapids Bd. of Educ.*, 148 Mich. App. 364, 370 (1986).

**IT IS FURTHER ORDERED** that only Plaintiffs' federal claims and Defendant/Counter-Plaintiff Town & Country-Sterling Heights' federal law claim (Count I against the National Fair Housing Alliance) shall remain before this Court.

**SO ORDERED.**

Dated: September 10, 2007            s/Paul V. Gadola
                                     HONORABLE PAUL V. GADOLA
                                     UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   September 10, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 Karen B. Berkery; D. Scott Chang; Stephen M. Dane; Derek Diaz; James M. Drozdowski; Steven A. Goldfarb; Jason P. Klingensmith; Brett J. Miller; Beth A. Wilson  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                  .

                                     s/Ruth A. Brissaud
                                     Ruth A. Brissaud, Case Manager
                                     (810) 341-7845