UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL FAIR HOUSING
ALLIANCE, et al.,

        Plaintiffs,

v.

TOWN AND COUNTRY -
STERLING HEIGHTS, INC., et al.,

        Defendants.
_____/

CIVIL ACTION NO. 07-10385

DISTRICT JUDGE STEPHEN J. MURPHY III

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:

I recommend that Plaintiff National Fair Housing Alliance Inc.'s Motion to Dismiss Counterclaims be granted.

**II.**    **REPORT**:

    **A.**    **Procedural History**

The Complaint in this action was filed on January 24, 2007. Defendants Dallas and Town and Country-Sterling Heights, Inc., filed their Answer on February 26, 2007. On the same date, Town and County-Sterling Heights, Inc. filed its Counterclaim against National Fair Housing Alliance, Inc. (Docket No. 9). A Counterclaim against Defendants Kimberly Hollowell and Derrick Hollowell was filed on the same date (Docket No. 10). On March 19, 2007, National Fair Housing Alliance, Inc. filed its Motion to Dismiss Counterclaims (Docket No. 13).

On September 10, 2007, the district judge entered an Order dismissing those counts of Town and County's Counterclaims which asserted state law claims. The Order

dismissed, without prejudice, both counts asserted against Plaintiffs Kimberly and Derrick Hollowell, and Counts II through IV of the Counterclaim against National Fair Housing Alliance (Docket No. 67).[1]  On January 22, 2008, the district judge entered an Order of Reference to the magistrate judge for all pretrial matters.

The instant Motion to Dismiss Counterclaim was brought on for hearing as to the sole remaining count on April 23, 2008.

### B.     **Applicable Law and Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides that a pleading must be dismissed if it fails to state a claim upon which relief may be granted.  A claim for relief need not contain detailed factual allegations.  Nonetheless, a pleader's obligation to provide the "grounds" of his entitlement to relief, as required by Fed.R.Civ.P. 8(a)(2), requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Rather, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that the allegations are true.  Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).  The pleading must contain something more than a statement of facts which creates a mere suspicion of a legally cognizable right of action.  The court should proceed on the assumption that all the allegations of the complaint are true.  A well pleaded claim may proceed even if it appears "that a recovery is very remote and unlikely," and Rule 12(b)(6) does not countenance dismissal based on a judge's disbelief of the pleader's factual allegations.  Id.

---

[1] Century 21 had signified its willingness to stipulate to the dismissal of its state law claims, as well as its intent to pursue them in an appropriate Michigan court (Docket No. 49).

C.  **Factual Background**

National Fair Housing Alliance, Inc. ("NFHA") is a national non-profit organization whose purpose is to eliminate housing discrimination and to ensure equal housing opportunities. Town and County-Sterling Heights, Inc. is a real estate firm which conducts business in the Detroit metropolitan area. Pursuant to a grant of funds from the Department of Housing and Urban Development ("HUD"), NFHA conducted testing in the Detroit area for the purpose of identifying discriminatory practices. Based upon its testing efforts, NFHA concluded that Town and Country had engaged in discriminatory practices, including "racial steering," by which minority purchasers were induced to purchase homes in racially mixed areas, as opposed to predominantly white neighborhoods. NFHA filed an administrative charge with HUD. The case was transferred to the Michigan Department of Civil Rights ("MDCR"), pursuant to a contract between that agency and HUD. Efforts to resolve the dispute administratively were unsuccessful and NFHA filed this action in January 2007.

Town and Country filed a counterclaim against NFHA. NFHA responded with the instant Motion to Dismiss.

D.  **Analysis**

**Count I - Equal Protection Claim**

Town and County alleges in its counterclaim that NFHA violated its federal due process rights, and has asserted a claim under §1983 of Title 42 of the U.S. Code. That statute authorizes private parties to enforce their rights under the federal Constitution and laws against defendants who acted under color of state law. Section 1983 is only triggered

3

by state action. See Lansing v. City of Memphis, 202 F.3d 821, 828 (6th Cir. 2000). It is undisputed that NFHA is a private non-profit organization. As a general matter, there is no constitutional right to be free from harm inflicted by private parties. The due process clause provides no protection against the conduct of private actors, absent circumstances rendering the offensive conduct "fairly attributable to the state." Lindel-Baker v. Kohn, 457 U.S. 830, 838 (1982); Simescu v. Emmet Department of Social Services, 942 F.2d 372, 374 (6th Cir. 1991). NFHA moves to dismiss the §1983 claim on the theory that Town and Country has failed to allege facts constituting the requisite state action.

The Supreme Court has articulated a number of tests to determine whether challenged conduct may be fairly attributable to the state so as to render a private actor liable under §1983. Town and Country maintains that NFHA's actions, as alleged in the counterclaim, satisfy two of those tests: the "public function test," and the "joint action test."

The public function test is satisfied when a private entity exercises powers which are traditionally reserved exclusively to the state. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Typical examples of such functions are the holding of elections and the exercise of the power of eminent domain. It has often been emphasized that the public function test is a highly demanding standard. "While many functions may be historically and traditionally governmental functions, few are 'exclusively' governmental functions." Schwartz & Urbonya, Section 1983 litigation, 2nd Edition, Federal Judicial Center 2008, page 89. I am satisfied that the standard is not met in this case. Enforcement of civil rights laws through litigation has not traditionally been reserved exclusively to the state. Indeed, most civil rights statutes expressly provide for their enforcement through private civil actions by individual beneficiaries whose rights are allegedly infringed. NFHA is a private entity

4

which pursues such relief on behalf of others, under a contract with the federal Department of Housing and Urban Development ("HUD"). Among the actions undertaken by it in pursuit of its mission is the filing of actions before administrative bodies and in the courts, both state and federal. As a general rule, "a private party's mere use of the state's dispute resolution machinery, without the 'overt' significant assistance of state officials cannot [be considered state action]." Tahfs v. Proctor, 316 F.3d 584, 591 (6th Cir. 2003) (citing American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 54 (1999)). I am satisfied that the public function test is not met in this instance.

Town and Country offers the alternative argument that the actions of NFHA satisfy the joint action test employed by the Supreme Court in Lugar v. Edmondson Oil. (See Town & Country Response Brief, page 7). In that case, the Supreme Court held that a private creditor acting jointly with a state official in effecting a prejudgment attachment of a debtor's property under state law was acting "under color" of law for purposes of §1983. The Court's discussion of its holdings in prior cases revealed that it had "consistently held that a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment." 457 U.S. at 941. In a footnote, the court noted that its holding "is limited to the particular context of prejudgment attachment." 457 U.S. at 939, n. 21.

The Supreme Court has more recently addressed the "entwinement" of private and public actions as a basis of private party liability under §1983. In Brentwood Academy v. Tennessee Secondary School Athletic Association, 531 U.S. 288 (2001), the Court held in a 5-4 decision that a private, not-for-profit membership corporation organized to regulate interscholastic sports among public and private high schools had engaged in "state action"

5

for purposes of the Fourteenth Amendment in promulgating rules governing the recruitment of student athletes. The Court held that such conduct constituted action "under color of state law" within the meaning of §1983. Writing for the majority, Justice Souter acknowledged the difficulty of the "necessarily fact bound inquiry" essential to determining whether private action is fairly attributable to the state.

> Our cases try to plot a line between state action subject to Fourteenth Amendment scrutiny and private conduct (however exceptionable) that is not. The judicial obligation is not only to 'preserv[e] an area of individual freedom by limiting the reach of federal law' and avoi[d] the imposition of responsibility on a state for conduct it could not control, but also to assure that constitutional standards are invoked 'when it can be said that the state is *responsible* for the specific conduct of which the plaintiff complains . . .. If the Fourteenth Amendment is not to be displaced, therefore, its ambit cannot be a simple line between states and people operating outside formally governmental organizations, and the deed of an ostensibly private organization or individual is to be treated sometimes as if a state had caused it to be performed. Thus we say that state action may be found if, though only if, there is such a 'close nexus between the state and the challenged action' that seemingly private behavior 'may be fairly treated as that of the state itself.'

531 U.S. at 295 (citations omitted). The Court concluded that what is fairly attributable to a state was a normative judgment without simple, rigid criteria. "From the range of circumstances that could point toward the state behind an individual face, no one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient, for their may be countervailing reason against attributing activity to the government." Id., at 295-96. (Citations omitted).

In finding that the private association acted under color of law in Brentwood, the slim majority of the Court seized upon the facts that: a) the vast majority of the member

6

institutions were public schools; b) those public schools were represented by employees acting in their official capacity to provide an integral element of secondary public schooling; c) public school officials overwhelmingly performed all but the purely ministerial acts by which the association existed and functioned in practical terms; d) state board members were assigned ex-officio to serve as members of the board of control and legislative counsel of the association; and e) the association's ministerial employees were treated as state employees to the extent of being eligible for membership in the state retirement system. 531 U.S. at 299-300. Based on those facts, the court determined that the "[e]ntwinement [would] support a conclusion that an ostensibly private organization ought to be charged with a public character and judged by constitutional standards . . .." Id. at 302.

The counterclaim in the case at bar alleges no facts which would support a conclusion that NFHA has undertaken "state action" with regard to Town and Country. On the contrary, Town and Country acknowledges that NFHA acted pursuant to a contract with the federal Department of Housing and Urban Development ("HUD"). (Counterclaim, Paragraphs 3, 19). It is further alleged that the Counter-Defendant filed a Complaint with HUD, in July 2005, which was then referred to the Michigan Department of Civil Rights ("MDCR") pursuant to an agreement between HUD and MDCR. (Counterclaim, Paragraph 29). Those assertions simply do not support Town and Country's conclusory allegation that NFHA was acting under color of state law. (Counterclaim, Paragraph 37). When a pleading fails to provide more than bare allegations of state action, the proper course is to dismiss the case for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Tahfs, 316 F.3d at 596. At oral argument, Town and Country's counsel maintained that NFHA and MDCR

conducted a joint news conference concerning his client, and that they may have shared documents and the services of an intern.  Even if such assertions were properly pled, they could not demonstrate the pervasive entanglement necessary to "support a conclusion that a private organization ought to be charged with a public character," as required by Brentwood.

In apparent anticipation of this conclusion, Town and Country asserts that it is still possible that further facts could be learned in discovery showing even closer ties between NFHA and MDCR.  (Response Brief, Page 9).  That assertion, however, is pure speculation.  Fed.R.Civ.P. 8(a) requires more.  A claim for relief must contain factual allegations sufficient to "raise a right to relief above the speculative level," on the assumption that the allegations are true.  Bell Atlantic Corp. v. Twomby, 127 S.Ct. 1955, 1964-65 (2007).  Town and Country has simply failed to allege facts sufficient to establish state action on the part of NFHA.

Finally, Town and Country argues that it should be allowed to amend its counterclaim to include a claim under Bivens[2] against NFHA President and Chief Executive Officer, Shanna Smith, individually.  Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001) is cited for the proposition that a Bivens action may be brought against private individuals.  As correctly observed by NFHA in its Reply Brief, however, the Malesko decision expressly provided that "whether a Bivens action might lie against a private individual" was not a question presented in that case.  534 U.S. at 65.  As Town and Country has neither sought concurrence for its proposed amendment, nor filed a formal

---

[2] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

motion, nor submitted a specific proposed claim under Bivens, nor provided authority establishing the propriety of such a claim, the court should not address the issue at this time. Count I of the Counterclaim should be dismissed.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: September 30, 2008

# CERTIFICATE OF SERVICE

I hereby certify on September 30, 2008, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this notice was mailed to the following non-registered ECF participants on September 30, 2008:

Michael E. Lang
Courtroom Deputy Clerk to
Magistrate Judge Donald A. Scheer
